IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jessie Willie Dickerson, ) | |
| ) | C/A No. 5:05-1181-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R and O P I N I O N** |
| Electrolux Home Products ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Plaintiffs' objections to the Report and Recommendation of the Magistrate Judge filed on May 15, 2006.

## I. FACTS

The facts of this case are well documented in the Report and Recommendation of the Magistrate Judge. Report and Recommendation, 3-8. Plaintiff, appearing *pro se*, was employed by Defendant in Orangeburg, S.C. as a "Tech I Robot Operator." Plaintiff's Response to Motion for Summary Judgment, 2. Following a series of workplace incidents involving Plaintiff and various co-workers, Defendant terminated Plaintiff's employment. Complaint, 4. Plaintiff alleges that Defendant"terminat[ed him] from employment due to [his] race, [and] age." Id. Plaintiff also claims he was subject to unlawful "harassment by a co-worker." Id.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On January 11, 2006, Defendant filed a motion for summary judgment. Because Plaintiff is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F. 2d 309, was issued on February 1, 2006 advising Plaintiff of summary judgment procedures and the consequences of failing to respond to the Defendant's motion for summary judgment. Prior to the issuance of the Roseboro order, Plaintiff

filed a timely response to Defendant's motion on January 30, 2006. Defendant filed a reply on February 9, 2006 to which Plaintiff filed a surreply on February 27, 2006. The Magistrate Judge reviewed the motion for summary judgment and, on May 5, 2006, issued a Report and Recommendation in which he recommended granting summary judgment in favor of Defendant. Plaintiff filed timely objections to the Report and Recommendation on May 15, 2006.

## II. LAW/DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff's short objections are general and conclusory as they fail to draw the court to a specific error in the Magistrate Judge's Report and Recommendation.[1] Accordingly, the court is not

---

[1] Plaintiff states in his objections:

> Due to the high level of harassment and conspiracy to cover up the discrimination, the Plaintiff objects to the report and recommendation. Therefore the Plaintiff's is asking for a jury trial so that they jury can hear both sides of evidence and make the decision on the

obligated to conduct a *de novo* review.  See Orpiano, 687 F.2d at 47-48.  Though not obligated, the court has thoroughly reviewed the record and applicable law and finds the Magistrate Judge's analysis to be correct.  Defendant's Motion for Summary Judgment is granted.

### III.  CONCLUSION

The court has reviewed the record and adopts the report and recommendation of the Magistrate Judge.  Defendant's motion for summary judgment is **granted**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour  
Margaret B. Seymour  
United States District Judge

June 1, 2006  
Columbia, South Carolina

---

> unfairness how of the Plaintiff's was terminated.  Being that the Plaintiff's is an American citizen, he should have the right to go before a jury.

Objections, 1 (errors in original).